IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLINTON E. DONALD,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 05 C 3403
                                  )
THRESHOLDS PSYCHIATRIC,           )
                                  )
            Defendant.            )

MEMORANDUM ORDER

This Court's June 10 and October 12 memorandum orders, the second of which dismissed both the Complaint and this action, are self-explanatory--and hence a photocopy of each is attached to this memorandum order. Now the plaintiff Clinton Donald ("Donald") has allowed another two months to elapse, since the entry of the October 12 order, before coming in with a motion for reinstatement, with a new In Forma Pauperis Application and with a renewed Motion for Appointment of Counsel. But what Donald now seeks to advance in the face of ample notice and forewarning in no way justifies the belatedness of this latest effort, which does not satisfy any of the standards set out in Fed. R. Civ. P. 60(b). Accordingly his motion to reinstate is denied out of hand.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: December 16, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLINTON E. DONALD,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　　)　　No.　05 C 3403
　　　　　　　　　　　　　　　　　　　　)
THRESHOLDS PSYCHIATRIC,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)

MEMORANDUM ORDER

Clinton Donald ("Donald") has filed a Complaint of Employment Discrimination against his former employer Thresholds Psychiatric Rehabilitation Center, asserting claims of age discrimination, sex discrimination and retaliation. This memorandum order addresses only Donald's accompanying In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"), both of which have been submitted on forms provided by this District Court's Clerk's Office.

As for the Application, its paragraph 2 shows that Donald (who is an unmarried individual with no dependents) is currently employed. No information has been filled in as to his compensation, and he shows himself as living in the house owned by his mother. This Court is accordingly unable to tell whether Donald can or cannot afford to pay the $250 filing fee, so that the Application must be denied at this time. Because a full month remains before the expiration of the 90-day period for Donald to bring suit after receipt of EEOC's right-to-sue letter,

he has ample time either to pay the filing fee or to provide a persuasive showing that he cannot afford to do so.

As for the Motion, the same lack of complete information as to Donald's ability to pay also impacts on his entitlement or lack of entitlement to have pro bono counsel appointed to represent him. But even apart from that, Donald has left blank any response to this key portion of the Motion:

> 2. In support of my motion, I declare that I have made the following attempts to retain counsel to represent me in this proceeding.

This Court must therefore deny the Motion as well, once again without prejudice to Donald's renewal of the Motion on a proper showing.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 10, 2005

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

CLINTON E. DONALD,              )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  05 C 3403
                                )
THRESHOLDS PSYCHIATRIC,         )
                                )
            Defendant.          )

## MEMORANDUM ORDER

On June 10, 2005 this Court issued its memorandum order ("Order") denying both the in forma pauperis application and the motion for appointment of counsel that had then been tendered by Clinton Donald ("Donald") in conjunction with his pro se Complaint of Employment Discrimination. In each instance the denial was occasioned by Donald's failure to have made a proper showing as to his right to obtain the relief he sought. And as the Order went on to state:

> Because a full month remains before the expiration of the 90-day period for Donald to bring suit after receipt of EEOC's right-to-sue letter, he has ample time either to pay the filing fee or to provide a persuasive showing that he cannot afford to do so.

But Donald has taken no action whatever since that time, and this Court became aware of the continued pendency of this action only as the result of checking the September 30 printout of "Pending Cases" against the looseleaf binder in which this Court maintains a page for each case on its calendar to record all status hearing dates and substantive events.

It seems evident that Donald has insufficient interest in his action to have pursued it even in the simplest of ways. At this point he is well beyond the expiration of the 90-day period for bringing suit, a consequence that he could have avoided by taking either step that was spelled out for him in the Order. Accordingly both Donald's Complaint and this action are dismissed.

                                      */s/ Milton I. Shadur*
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: October 12, 2005